# CIRCUIT COURT OF THE CITY OF RICHMOND

The Townes at Grand Oaks
Townhouse Association, Inc.

v.

Byron Baxter

May 9, 2013

Case No. CL13-828

BY JUDGE MELVIN R. HUGHES, JR.

In this case a homeowner association in a condominium development seeks to recover the expenses for the removal of a tree that fell from a common area onto the Defendant homeowner's condominium.

I cannot find any Virginia authority under the facts presented here. However, the Supreme Court of Virginia has stated that, in cases of fallen trees between adjoining properties (not a highway), in the absence of negligence, there is no liability for property damages on the landowner from where the tree fell. *Fancher v. Fagella*, 274 Va. 549, 650 S.E.2d 519 (2007); *see also Cline v. Dunlora South, L.L.C.*, 284 Va. 102, 726 S.E.2d 14 (2012) (no liability for personal injury where a tree falls onto a highway). Here, there is no evidence of negligence on the part of the Plaintiff, the homeowner association, but the parties do have a contract in the form of *The Townes at Grand Oaks Townhouse Association, Inc., Declaration of Covenants, Easements, Restrictions, and Conditions* (the Agreement), which is due to be construed concerning their respective rights and obligations.

As I alluded during the trial, the provisions relied on by the Plaintiff here are misplaced. Article IV, Section 2, refers to the duty of the Association to "[maintain] and [replace] . . . trees" and exempts the Association from liability to the owners for "repairing or replacing any portion of the lot or the improvements" provided the owner (defendant) has the insurance required by the Agreement, defined in Article III as "fire and extended coverage for the structure of each lot."

Defendant testified that he had the impression that he is not required to secure insurance covering the exterior of his home, only the interior, which he said he has done.

The Court will deny the claim for the tree removal expense for three reasons. Article IV, section 2, relieves the association from its otherwise responsibility to maintain trees to the extent of "[repair and replace] any portion of the lot or improvement." Removal of the tree from the lot is not a repair or replacement, but merely something necessary before the physical work of restoration of the damaged structure can begin. Second, the exemption from liability applies when the homeowner has "fire and extended coverage insurance" with applicable coverage. Considering the varying types of insurance that the market may provide, there is no evidence that the insurance required under the contract terminology must cover tree removal. Whether such a policy would is left to speculation. Third, the tree removal would necessarily involve removal of a portion of the tree from the common area as well as from Defendant's lot and home. I question whether, in any event, the total removal cost should be assigned to the defendant rather than some prorated amount.

Accordingly, the claim for $800.00 for the tree removal will be denied. The stipulated amount of $463.00 for homeowner's dues along with attorney's fees allowed under the agreement will be granted.